UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
EDWARD MANNING,

                         Petitioner,          <u>REPORT AND
                                                                         RECOMMENDATION</u>

             -against-                    CV 04-1429 (NG) (ETB)

J. CONWAY,

                         Respondent.
-------------------------------------------------------------------X

TO THE HONORABLE NINA GERSHON, United States District Judge:

<u>BACKGROUND</u>

Petitioner, Edward Manning, requests issuance of a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, vacating the judgment of conviction entered in the Supreme Court of the State of New York, Kings County, on February 5, 2001, following a jury verdict returned after trial wherein the petitioner was found guilty of manslaughter in the first degree (New York Penal Law § 125.20(1)) and criminal possession of a weapon in the fourth degree (New York Penal Law § 265.01(2)). Petitioner was sentenced as a second violent felony offender, and is serving a term of seventeen and one-half (17 ½) years in prison. Petitioner appealed his conviction to the Appellate Division, Second Department, which affirmed the conviction on September 20, 1999. <u>People v. Manning</u>, 301 A.D.2d 661, 756 N.Y.S.2d (Second Dept. 2003). Leave to appeal to the New York Court of Appeals was denied. <u>People v. Manning</u>, 99 N.Y.2d 656, 760 N.Y.S.2d 121 (Table) (April 8, 2003) (Ciparick, <u>J</u>.). The ninety (90) day period in which to file a petition for a

writ of certiorari in the Supreme Court expired on July 9, 2001.[1]

The pro se petition was timely filed in the Eastern District of New York on April 1, 2004. The respondent, Kings County District Attorney, on September 13, 2001, filed an Affidavit and Memorandum of Law in Opposition to the petition. The briefs and the record in the state court proceedings has been filed with the Clerk. The petitioner filed a supporting affidavit on September 19, 2005.

The petitioner's conviction arises from events that occurred in his apartment in Brooklyn at 4:00 a.m. on June 11, 1999, when the petitioner fatally stabbed his girlfriend in the back of the head with a knife. See People v. Manning, 301 A.D.2d 661, 662, 756 N.Y.S.2d 58, 59 (Second Dept. 2003).

The petition raises one issue which was exhausted in the state courts: i.e., the Fourth Amendment issue of whether the warrantless entry into petitioner's apartment was justified under the emergency doctrine. ("Affidavit" in Support of the Petition for Writ of Habeas Corpus, filed on September 9, 2005). See also, Petition Under 28 U.S.C. § 2254 at 3 and 6.

In addition, petitioner raises two additional issues which he acknowledges were not exhausted in the state court: coercion of petitioner's confession by denial of epilepsy medication unless and until he confessed; and ineffective assistance of counsel in failing to raise the latter issue. (Petition at 7 and 9).

---

[1] Pursuant to the one-year statute of limitations set forth in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), the limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. at (d)(1)(A).

## The Exhaustion Problem

A procedural problem is raised by the petition which this report addresses. The petitioner has asserted two grounds for relief that were never raised in the state court. More specifically, petitioner seeks release based on: (1) a confession coerced by withholding petitioner's "epileptic-seizure" medication[2] during interrogation despite repeated requests (Petitioner's Memorandum of Law at 2; Petition at 7), and (2) appellate counsel's failure to raise the coerced confession on direct appeal. (Petition at 8).[3]

The failure to exhaust is acknowledged by petitioner, and relied on by respondent, as grounds for dismissal. See Affidavit of ADA Ruth E. Ross in Opposition to Petition for Writ of Habeas Corpus at ¶ 11; Respondent's "Memorandum of Law" at 1-3.

As the respondent notes in support of its request for dismissal, "to the extent that any portion of these two [unexhausted] claims is based on facts not appearing on the record, they can still be raised in a state motion to vacate the judgment of conviction, pursuant to N.Y. Crim. Pro.

---

[2] Although a pre-trial hearing was conducted in the state court with respect to the admissibility of the petitioner's confession, the medication-coercion issue was not raised. (State court record, Vol. 1, 35-63, 65-84).

[3] The pro se petitioner's "Memorandum of Law" accuses his trial counsel of ineffective assistance based on the failure to raise the issue:

> Here, trial counsel's performance either amounted to a constructive denial of assistance altogether by his failure to investigate petitioner's claim that his confession was coerced under duress, and by counsel's failure to contest in hearing court the voluntariness and thus inadmissibility of petitioner's confession. Where the defendant's videotaped statement was played for the jury, it cannot be deemed absent prejudice or inconsequential to the outcome of defendant's trial.

Petitioner's Memorandum of Law at 6.

Law § 440.10." (Respondent's Memorandum of Law at 2). It is conceded that no such application has been made by the petitioner.

DISCUSSION

The exhaustion problem may be handled in one of three ways: (1) outright dismissal of the petition without prejudice, pursuant to Rose v. Lundy, 455 U.S. 509 (1982); (2) dismissal of the unexhausted claims and the stay of consideration of the exhausted claims conditioned on petitioner's diligent pursuit of the unexhausted claims in the state court, pursuant to Zarvela v. Artuz, 254 F.3d 374 (2d Cir. 2001); or (3) outright dismissal of all claims in the petition - exhausted and unexhausted - based on the absence of any merit, pursuant to U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

In Zarvela v. Artuz, 254 F.3d 374 (2d Cir. 2001), the district court permitted the petitioner to withdraw the mixed petition without prejudice to renewal. Fourteen (14) days after exhausting his available state court remedies Zarvela re-filed the petition seeking to raise the now exhausted claims, as well as the previously exhausted claims, in the district court. The district judge dismissed the writ on the ground that it was not timely filed - finding that the petitioner had only two (2) days of eligibility remaining on the initial filing of the federal habeas petition and that by waiting some eleven (11) days after notice of the Appellate Division denial of the coram nobis request, the renewed federal habeas petition was filed nine (9) days too late. Id. at 377-78.

In reversing the district court, the Court of Appeals noted that Rose v. Lundy was

decided prior to AEDPA and, therefore, had not considered alternatives to dismissal without prejudice to renewal following exhaustion in the state courts. Id, at 379. The Court of Appeals in Zarvela adopted the procedure recognized by the 7th and 9th Circuits, Freeman v. Page, 208 F.3d 572, 577 (7th Cir. 2000) and Calderon v. United States District Court, 134 F.3d 981 (9th Cir. 1998); i.e. in a mixed habeas petition the court may dismiss the unexhausted claims and stay the remaining claims where the time for re-filing to meet the one-year limitation period is brief. Id. at 380. This procedure avoids the severe result that may occur where a habeas petitioner - often proceeding pro se - either fails to meet the one-year statute of limitations period or, as in the present case, the one-year period of limitations has expired during the period that the mixed petition is filed in the district court. See Duncan v. Walker, 533 U.S. 167, 121 S. Ct. 2120 (2001) (holding that an application for post-conviction review is not "application for State post conviction or other collateral review" within the meaning of the tolling provision of the Anti-Terrorism and Effective Death Penalty Act (AEDPA).

The petitioner filed the petition in the district court on April 1, 2004 - approximately three (3) months before the one year due date. However, the petition has remained in this court for two and one-half (2 ½) years, and under Duncan v. Walker, supra, there is no tolling and, thus, the one-year statute has long since expired.

I have designated this a mixed petition with some reservation. While petitioner has fully exhausted the Fourth Amendment - emergency exception doctrine - in the state court, such a claim is generally unreviewable in this court pursuant to Stone v. Powell, 428 U.S. 465 (1976). There are two circumstances under which the district court may review the merits of a Fourth Amendment claim: "(a) if the state has provided no corrective procedures at all to redress the

alleged Fourth Amendment violations; or (b) if the state has provided a corrective mechanism, but defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992).

While neither of these exceptions appears to have any application herein, I recommend that the court refrain from making a decision on this issue at this time. I do so because a dismissal at this time would preclude the petitioner from returning to this court should he be unsuccessful in the state court on the dismissed unexhausted claims - unless, on his return - the court finds that equitable tolling should apply. In light of the Duncan decision, such a finding is uncertain.

I make this recommendation aware of the tension between the teaching of Duncan v. Walker by the Supreme Court and the decision by the Court of Appeals in Zarvela v. Artuz. The latter provides that "a stay of the exhausted claims will often be preferable to a dismissal of the entire petition because such a stay will reflect the continued viability of the initially filed exhausted claims." Zarvela v. Artuz, 254 F.3d at 381. In Duncan, which also involved a mixed petition case, by refusing to exclude the period that the improperly filed writ was pending in the district court, the Court was clearly fostering a strong policy of exhaustion before coming to the district court.

Because the two and one-half (2 ½) year delay is through no fault of petitioner, pursuant to Zarvela, I recommend that the court dismiss the unexhausted claims, hold the exhausted claim in abeyance, and while such stay is in effect, enable the petitioner to pursue his state remedy, pursuant to N.Y. C.P.L. § 440.10.

The court in Zarvela recommended that any stay of a mixed petition should be

conditioned "on the prisoner's pursuing state remedies within a brief interval, normally 30 days, after the stay is entered and returning to the federal court within a similarly brief interval, normally 30 days after state court exhaustion." Id. at 381. These conditions should be implemented here. Annexed hereto is a copy of a proposed order for this purpose, compliments of Jack Weinstein, D.J. (E.D.N.Y.).

## RECOMMENDATION

Pursuant to Zarvela, the court should dismiss the unexhausted claims and stay further proceedings on the exhausted claim to afford petitioner the opportunity to raise and exhaust all available state court remedies before renewing any request for relief. Petitioner should be afforded thirty (30) days to file his request for relief in the state court and thereafter, upon completion of exhaustion in the state court, should be afforded no more than thirty (30) days to file any renewed request for relief, pursuant to 28 U.S.C. § 2254. During the interim, I further recommend that this action be administratively closed.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within 10 days of the date of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d

1049, 1054 (2d Cir. 1993), cert. denied, 115 S.Ct. 86 (1994); Frank v. Johnson, 968 F.2d 298 (2d Cir.), cert. denied, 113 S.Ct. 825 (1992); Small v. Secretary of Health and Human Serv., 892 F.2d 15, 16 (2d Cir. 1989)(per curiam).


Dated: Central Islip, New York
      October 30, 2006

                                              /s/ E. Thomas Boyle
                                              E. THOMAS BOYLE
                                              United States Magistrate Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
EDWARD MANNING,

                        Petitioner,          <u>ORDER STAYING PETITION
                                                                               TO ALLOW EXHAUSTION</u>

           -against-                    CV 04-1429 (NG) (ETB)

J. CONWAY,

                        Respondent.
-------------------------------------------------------------------X

              <u>                      </u>, District Judge:

      Petitioner moves for a stay of the instant proceedings in order to allow him to return to state court to exhaust the claims he raises in his petition for a writ of habeas corpus. The motion is granted.

      The Clerk of the Court is ordered to administratively close this case unless or until either of the parties moves to restore the matter.

      **Petitioner is warned that he may be barred from reopening his federal habeas petition on statute of limitations or other grounds if he delays in initiating collateral proceedings in state court or if, having been denied relief in state court, he delays in seeking to reopen these federal proceedings.** The parties are advised that the Court of Appeals for the Second Circuit has found a reasonable period of time in which to initiate state collateral proceedings is 30 days and that a reasonable period of time in which to reopen federal proceedings following a state court decision is also 30 days. See <u>Zarvela v. Artuz</u>, 254 F.3d 374, 380-81 (2d Cir. 2001).

      Respondent may move, on notice to petitioner, to vacate the entered stay and to dismiss the petition for failure to prosecute or on other grounds.

SO ORDERED:

Dated: Central Islip, New York
          _____, 2006

                                                            _____
                                                            District Judge