**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**EDWARD MANNING,**

               **Petitioner,**

     -against-                                        **ORDER**
                                                        04-CV-1429 (NG) (ETB)

**J. CONWAY,**

               **Respondent.**
-------------------------------------------------------------x

**GERSHON, United States District Judge:**

      Petitioner Edward Manning filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging that he is being held in custody in violation of the Constitution and laws of the United States pursuant to the judgment of a court of the State of New York. On October 25, 2006, the petition was referred to United States Magistrate Judge E. Thomas Boyle for Report and Recommendation.

      Petitioner's application for a writ of habeas corpus states three grounds for relief. First, petitioner alleges a violation of his Fourth Amendment rights resulting from a warrantless search of petitioner's apartment. This claim is exhausted; however, if addressed on the merits, it would be governed by *Stone v. Powell*, 428 U.S. 465 (1976). Second, petitioner alleges that his confession was coerced by denial of his epilepsy medication unless and until he confessed. Third, petitioner alleges ineffective assistance of counsel in failing to raise the latter issue. Petitioner's second and third claims are unexhausted. In his Report and Recommendation, dated October 30, 2006, Judge Boyle recommended granting petitioner a stay so that he can return to state court to exhaust his two unexhausted claims.

      In *Rhines v. Weber*, the Supreme Court held that, while district courts have discretion to

grant stays, "stay and abeyance should be available only in limited circumstances." 544 U.S. 269, 277 (2005). Specifically, the Court held that "stay and abeyance is only appropriate" when: (1) the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court; and (2) the unexhausted claims are not "plainly meritless." *Id.*

Therefore, petitioner is ordered to submit an affidavit no later than April 6, 2007 showing: (1) good cause for failure to exhaust his coerced confession and ineffective assistance of counsel claims; and (2) that these claims are not plainly meritless. Respondent shall file a response to petitioner's additional submission within 30 days of its filing.

**SO ORDERED.**

   */s/ Nina Gershon*
**NINA GERSHON**
**United States District Judge**

Dated: February 7, 2007
      Brooklyn, New York